IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION

---

BAXTER BAILEY & ASSOCIATES,        )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )    No. 2:14-cv-03012-SHM
                                   )
POWERS & STINSON, INC.;            )
THE TRANSPORTATION FIRM; and       )
DONALD MCKNATT,                    )
                                   )
     Defendants.                   )

---

                              **ORDER**

---

Before the Court is the Motion for Costs and Attorney's Fees filed by Plaintiff Baxter Bailey & Associates, Inc. ("Baxter") on August 9, 2016. (ECF No. 81 ("Mot."); see also Mem. in Supp. of Mot. for Costs and Attorney's Fees, ECF No. 81-1 ("Mem. ISO Mot.").) Defendants Powers & Stinson, Inc.; The Transportation Firm; and Donald McKnatt filed a response to the Motion on August 18, 2016. (Defs.' Resp. Mem. in Opp'n to Pl.'s Mot. for Costs and Attorney's Fees, ECF No. 82 ("Resp.").)

For the following reasons, the Motion is DENIED without prejudice.

**I.   BACKGROUND**

Section I of the Court's Order dated July 5, 2016 (the "July 2016 Order") recounts the history of this matter. Baxter

Bailey & Assocs., Inc. v. Powers & Stinson, Inc., No. 14-3012, 2016 WL 7497581, at *1 (W.D. Tenn. July 5, 2016). This Background section addresses only proceedings since the July 2016 Order.

The July 2016 Order denied motions for summary judgment filed by Baxter and Defendants. (Id. at *6.) A jury trial took place on July 25 and 26, 2016. (Minute Entry, ECF No. 73; Minute Entry, ECF No. 75.) The jury considered two claims: (1) trademark dilution in violation of 15 U.S.C. § 1125(a) and (c); and (2) violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1). (Jury Verdict, ECF No. 76 ("Verdict"); see also Jury Instructions 10-21, ECF No. 77.) The jury found for Defendants on the trademark-dilution claim, and for Baxter on the ACPA claim. (See Verdict 1, 3.)

Before trial, Baxter elected "to accept statutory damages should it prevail at trial." (Jt. Pretrial Order 8, ECF No. 71.) Under the ACPA, those damages were between $1,000.00 and $100,000.00, and for the jury to determine. 15 U.S.C. § 1117(d). The jury awarded Baxter $1,000.00. (Verdict 4.)

Baxter filed the present Motion on August 9, 2016. Baxter asks the Court "to award costs and attorney's fees and allow counsel to submit an affidavit to provide proof of the costs and

attorney's fees expended in this case." (Mem. ISO Mot. 4.) Defendants filed the Response on August 18, 2016.

**II. STANDARDS**

The jury found that Defendants had violated 15 U.S.C. § 1125(d)(1). Under 15 U.S.C. § 1117(a):

> When . . . a violation under [15 U.S.C. § 1125(a) or § 1125(d)] . . . shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled . . . , subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. . . . The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Under 15 U.S.C. § 1117(d):

> In a case involving a violation of [15 U.S.C. § 1125(d)(1)], the plaintiff may elect . . . to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

Baxter elected to take statutory damages "instead of actual damages and profits." That leaves the issues of costs and attorney's fees.

Rule 54(d)(1)[1] governs requests for costs:

> Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be al-

---

[1] References to "Rule __" are to the Federal Rules of Civil Procedure. References to "Local Rule __" are to the Local Rules of the U.S. District Court for the Western District of Tennessee.

3

> lowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Local Rule 54.1(a) provides local rules for costs requests:

> If parties can agree on costs, it is not necessary to file a cost bill with the clerk. If counsel cannot agree, a cost bill will be filed with the clerk within thirty days from the termination of the case. If a cost bill is filed, the clerk will assess costs after notice and hearing. No costs are to be paid through the clerk except those that are due the clerk.

Rule 54(d)(2)(B) governs motions for attorney's fees:

> Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and
>
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Local Rule 54.1(b) provides supplementary rules for motions for attorney's fees:

> Consistent with the provision in [Rule] 54(d)(2)(B) permitting variation in the time for filing a motion for attorney's fees, a motion for an award of attorney's fees and related non-taxable expenses may be filed within 14 days from the date the Court's judgment becomes final. In addition to the

4

> requirements of [Rule] 54(d)(2), a motion for an award of attorney's fees shall be supported by a memorandum setting forth the authority of the Court to make such an award, why the movant should be considered the prevailing party, if such a consideration is required for the award, and any other factors that the Court should consider in making the award. The motion shall also be supported by:
>
> (1) an affidavit or declaration of counsel setting out in detail the number of hours spent on each aspect of the case, and the rate customarily charged by counsel for such work; and,
>
> (2) an affidavit or declaration of another attorney in the community, who is not otherwise involved with the case, setting out the prevailing rate charged in the community for similar services. Within eleven days after service of the motion, the party against whom the award is requested shall respond with any objections thereto and an accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

**III. ANALYSIS**

The Motion fails to meet numerous requirements of Rule 54(d) and Local Rule 54.1(b). The Motion does not state whether the parties have reached agreement about costs, and Baxter has not filed a cost bill with the clerk. The Motion does not state the amount of attorney's fees sought "or provide a fair estimate of it." Baxter also has not provided either affidavit specified by Local Rule 54.1(b).

5

These requirements are not technicalities. They may bear on the Court's decision. Under § 1117(a), an award of costs is permissible, "subject to the principles of equity." Baxter has not specified its costs, which the cost-bill requirement demands. Assuming the parties cannot agree on costs, making an equitable cost determination requires knowing what costs Baxter seeks. If the Court determines that this is an "exceptional case," it can award reasonable attorney's fees. Baxter has provided no information about the fees it seeks.

Baxter contemplates a two-part process for seeking costs and fees. First, the Court decides the present Motion, answering certain legal questions bearing on whether Baxter is entitled to costs and attorney's fees. Second, if the Court determines that Baxter is entitled to costs or attorney's fees, Baxter will "submit an affidavit to provide proof of the costs and attorney's fees expended in this case." (Mem. ISO Mot. 5.) That is not what the Federal Rules and Local Rules contemplate. Baxter gives no reasons to deviate from the Rules.[2]

---

[2] The Response does not raise these procedural issues, instead engaging Baxter's argument about whether this is an "exceptional case" justifying a fees award. (See generally Resp.) The Court should nevertheless raise these issues sua sponte, given its "'broad discretion to manage its docket.'" Moncier v. Jones, 557 F. App'x 407, 409 (6th Cir. 2014) (quoting ACLU v. McCreary Cnty., Ky., 607 F.3d 439, 451 (6th Cir. 2010)). Rule 54(2)(C) provides that a court "may decide issues of liability for fees before receiving submissions on the value of services." In this

6

If Baxter chooses to seek costs and fees in this case, it must follow the procedures set forth in Rule 54(d) and Local Rule 54.1. To the extent those rules have deadlines based on the date of entry of judgment or the date of termination of the case, for purposes of awarding costs and fees only, the date of this Order shall be treated as the date of the entry of judgment and the date the case terminated.

**IV. CONCLUSION**

The Motion is DENIED without prejudice.

So ordered this 20th day of March, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

case, piecemeal handling of the costs and fees issues is not warranted.