```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| **BAXTER BAILEY & ASSOCIATES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-cv-03012-SHM |
| ) | |
| **POWERS & STINSON, INC.,** ) | |
| **THE TRANSPORTATION FIRM, and** ) | |
| **DONALD MCKNATT,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is the Motion for Attorney's Fees ("Motion") filed by Plaintiff Baxter Bailey & Associates, Inc. on April 3, 2017. (ECF No. 84; see also ECF No. 84-1.) Defendants Powers & Stinson, Inc., The Transportation Firm, and Donald McKnatt responded on April 9, 2017. (ECF No. 85.)

For the following reasons, the Motion is DENIED.

**I.  BACKGROUND**

The relevant facts are stated more fully in Section I of the Court's Order dated July 5, 2016 (the "July 2016 Order"). Baxter Bailey & Assocs., Inc. v. Powers & Stinson, Inc., No. 14-3012, 2016 WL 7497581, at *1 (W.D. Tenn. July 5, 2016). This section addresses proceedings since the July 2016 Order.

In the July 2016 Order, the Court denied motions for summary judgment filed by Plaintiff and Defendants. (Id. at *6.) A jury trial was held on July 25 and 26, 2016. (Minute Entry, ECF No. 73; Minute Entry, ECF No. 75.) The jury considered two claims: (1) trademark dilution in violation of 15 U.S.C. § 1125(a) and (c); and (2) violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1). (ECF No. 76; see also ECF No. 77.) The jury found for Defendants on the trademark-dilution claim, and for Plaintiff on the ACPA claim. (See ECF No. 76 at 1, 3.)[1]

Before trial, Plaintiff elected "to accept statutory damages should it prevail at trial." (ECF No. 71.) Under the ACPA, those damages were between $1,000.00 and $100,000.00, and for the jury to determine. 15 U.S.C. § 1117(d). The jury awarded Plaintiff $1,000.00. (ECF No. 76 at 4.)

On August 9, 2016, Plaintiff filed a Motion for Costs and Attorney's Fees. (ECF No. 81; see also ECF No. 81-1.) Defendants responded on August 18, 2016. (ECF No. 82.) On March 20, 2017, the Court issued an Order denying Plaintiff's Motion for Costs and Attorney's Fees without prejudice. (ECF No. 83.) The Court instructed Plaintiff that, if it wished "to seek costs and fees in this case, it must follow the procedures set forth in

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

Rule 54(d) and Local Rule 54.1." (Id. at 504.) The Court also said that, "[t]o the extent those rules have deadlines based on the date of entry of judgment or the date of termination of the case . . . the date of this Order shall be treated as the date of the entry of judgment and the date the case terminated." (Id.)

On April 3, 2017, Plaintiff filed a second Motion for Attorney's Fees. (ECF No. 84; see also ECF No. 84-1.) Defendants responded on April 9, 2017. (ECF No. 85.)

**II. STANDARDS**

The jury found that Defendants had violated 15 U.S.C. § 1125(d)(1). 15 U.S.C. § 1117(a) states that, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

Rule 54(d)(2)(B)[2] governs motions for attorney's fees:

> Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and

---

[2] References to "Rule __" are to the Federal Rules of Civil Procedure. References to "Local Rule __" are to the Local Rules of the U.S. District Court for the Western District of Tennessee.

3

> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Local Rule 54.1(b) provides supplementary rules governing motions for attorney's fees:

> Consistent with the provision in [Rule] 54(d)(2)(B) permitting variation in the time for filing a motion for attorney's fees, a motion for an award of attorney's fees and related non-taxable expenses may be filed within 14 days from the date the Court's judgment becomes final. In addition to the requirements of [Rule] 54(d)(2), a motion for an award of attorney's fees shall be supported by a memorandum setting forth the authority of the Court to make such an award, why the movant should be considered the prevailing party, if such a consideration is required for the award, and any other factors that the Court should consider in making the award. The motion shall also be supported by:
>
> (1) an affidavit or declaration of counsel setting out in detail the number of hours spent on each aspect of the case, and the rate customarily charged by counsel for such work; and,
>
> (2) an affidavit or declaration of another attorney in the community, who is not otherwise involved with the case, setting out the prevailing rate charged in the community for similar services. Within eleven days after service of the motion, the party against whom the award is requested shall respond with any objections thereto and an accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

## III. ANALYSIS

Under 15 U.S.C. § 1117(a), a district court may award reasonable attorney fees to the prevailing party in "exceptional" cases. The statute does not define "exceptional," but the Sixth Circuit has held that a case is not exceptional unless "the infringement was malicious, fraudulent, willful, or deliberate." Hindu Incense v. Meadows, 692 F.2d 1048, 1051 (6th Cir. 1982). "A finding of bad faith under the ACPA does not necessarily compel a court to find 'malicious, fraudulent, willful or deliberate' conduct." Audi AG v. D'Amato, 469 F.3d 534, 551 (6th Cir. 2006). "Trial judges have considerable discretion in [deciding] § 1117 motions for attorney fees." Sovereign Order of Saint John of Jerusalem, Inc. v. Grady, 119 F.3d 1236, 1244 (6th Cir. 1997). A case cannot be exceptional "if there is the slightest doubt" as to whether the defendant acted with the requisite intent. Hindu Incense, 692 F.2d at 1052 (citing O'Brien Int'l, Inc. v. Mitch, 209 USPQ 212, 221 (N.D. Cal. 1980)).

The United States Supreme Court's recent decision in Octane Fitness, LLC v. ICON Health & Fitness, Inc. also provides guidance. 134 S. Ct. 1749 (2014). Octane Fitness clarified the meaning of "exceptional" under the Patent Act's fee-shifting provision, 35 U.S.C. § 285. Id. at 1751. 35 U.S.C. § 285 is identical to 15 U.S.C. § 1117(a). Compare 15 U.S.C. § 1117(a) with 38 U.S.C. § 285. Statutes using the same language are in-

5

terpreted consistently.  See United States v. Hynes, 467 F.3d 951, 967 (6th Cir. 2006) ("The Supreme Court has held that statutes containing similar language and having a similar underlying purpose should be interpreted consistently.") (citing Northcross v. Bd. of Educ. of Memphis City Schs., 412 U.S. 427, 428 (1973)).

In Octane Fitness, the Supreme Court held that, applying the ordinary meaning of "exceptional," fees should be awarded only in a case "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 1756. The Court did not state a "precise rule or formula for making these determinations," and said that district courts have discretion to make exceptional case determinations on a case-by-case basis. Id. at 1756. The Court provided a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Id. at 1756 n.6 (internal quotations omitted). The Court emphasized that an exceptional case is "rare." Id. at 1756.

Given Sixth Circuit precedent and Octane Fitness, this case is not exceptional. A review of the record does not suggest

that the infringement was malicious, fraudulent, willful, or deliberate. This is not a case of repetitive or wide-scale infringement. Defendants were found liable under the ACPA for their use of a single domain name that was confusingly similar to Plaintiff's domain name. Defendants' arguments in defense of their actions were not frivolous or unreasonable, as demonstrated by the jury's decision to award Plaintiff $1,000 -- the minimum statutory damages available under the ACPA. (ECF No. 79 at 482.)

Defendants' litigation position was not unreasonable. Plaintiff does not claim, and the Court cannot find evidence, that Defendants engaged in frivolous motion practice intended to delay resolution of the case. In the nearly three-year history of the case, Defendants have not engaged in egregious or abusive conduct that would cause them to stand out.

The $1,000 awarded is sufficient compensation for Plaintiff and deterrence for Defendants. Because the case is not exceptional, attorney's fees are not warranted.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is DENIED.


So ordered this 17th day of October, 2017.

7

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE